USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AZRIEL PRIMAK,                                                 :
                                                               :
                              Plaintiff,                       :
                                                               :
            -against-                                          :     18-CV-9340 (VEC)
                                                               :
                                                               :     ORDER
                                                               :
CHAI LIFELINE, INC., a/k/a CONGREGATION                        :
CHAI LIFELINE,                                                 :
                                                               :
                              Defendant.                       :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

  This is a diversity action in which Plaintiff alleges that he fell and broke his leg at an event sponsored by Defendant on May 18, 2017. *See* Compl. (Dkt. 1). Plaintiff was at the time a seventeen-year-old volunteer for Defendant Chai Lifeline, Inc.—an organization that hosts recreational events and activities for ill and disabled children. Plaintiff alleges one count of negligence. On September 9, 2020, Defendant moved for summary judgment on the sole theory that Plaintiff assumed the risk of his injury by voluntarily participating in the event. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND[1]

  Plaintiff attended Defendant's event on May 18, 2017, with around thirty other volunteers. Def.'s 56.1 Stmt. (Dkt. 26-10) ¶ 13. The event included three outdoor activities: a "color run," a barbeque, and a "foam rave festival." *Id.* ¶ 11. Approximately fifty children also attended the event. *Id.* ¶¶ 14–15.

---

[1]   All facts stated herein are undisputed.

During the third and final activity, the "foam rave," Plaintiff fell and injured himself. The foam rave was an outdoors party at which participants were surrounded by soap bubbles that were about three feet high. Pl.'s 56.1 Stmt. (Dkt. 27-11) ¶ 107. The rave took place on a slightly sloped, grassy area; it began around 7:00 p.m. while it was still light out. Def.'s 56.1 Stmt. ¶¶ 16–17, 31.

This was Plaintiff's first foam rave or similar such event. He had never been to the area where it was held, and he had never participated in a foam or soap-related event before this one. Pl.'s 56.1 Stmt. ¶¶ 52, 56–58. The ground outside the foam area was damp, because it had been raining lightly for about an hour, but it was not muddy or slippery. *Id.* ¶¶ 79–81; Def.'s 56.1 Stmt. ¶ 18; Def.'s Response (Dkt. 28-5) ¶ 79. After Plaintiff walked approximately five to ten steps into the foam-covered area (or 30 to 60 seconds after entry), his foot got stuck in mud and he fell, breaking his leg. Def.'s 56.1 Stmt. ¶¶ 37, 39, 41; Pl.'s 56.1 Stmt. ¶ 75.

Before he fell, Plaintiff could not see his feet because the foam reached up to his hips. Pl.'s 56.1 Stmt. ¶¶ 38. After he walked into the foam area, he could feel that the ground beneath him was muddy, slippery, and slimy, *id.* ¶ 42, but he did not know the ground would be like that prior to entry, as it was covered by a three-foot layer of opaque foam, *id.* ¶¶ 53, 55, 73, 80, 106; Def.'s Response ¶¶ 53, 55.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Courts must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79–80 (2d Cir. 2009)).

"[U]ltimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (quotation and citation omitted). As such, a party opposing summary judgment cannot demonstrate the existence of a genuine question of fact by making "assertions that are conclusory or based on speculation." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) (citations omitted); *see also Hicks v. Baines*, 593 F.3d 159, 167 (2d Cir. 2010).

## II.   Defendant's Motion is Denied

As a general rule, assumption of risk under New York law is "not an absolute defense to a negligence action, let alone an issue of law for the court to decide."[2] *Goodlett v. Kalishek*, 223 F.3d 32, 35 (2d Cir. 2000) (citing N.Y. C.P.L.R. § 1411). But the New York Court of Appeals has preserved the primary assumption of risk doctrine—which negates a defendant's duty of care—for injuries sustained during sports or recreational activities. *See Turcotte v. Fell*, 68 N.Y.2d 432, 439 (1986); *Morgan v. State*, 90 N.Y.2d 471, 485–86 (1997). By engaging in such activities, "a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation." *Morgan*, 90 N.Y.2d at 484. The participant thus assumes "any risks that are known, apparent, or reasonably

---

[2] The parties agree that New York law applies to this action.

foreseeable consequences of participation." *Elliott v. Club Med Sales, Inc.*, No. 99-CV-1202, 2004 WL 541843, at *5 (S.D.N.Y. Mar. 19, 2004) (citing *Turcotte*, 68 N.Y.2d at 439).

A participant does not assume "concealed or unreasonably increased risks" or "unique and . . . dangerous condition[s] over and above the usual dangers that are inherent in the sport." *Morgan*, 90 N.Y.2d at 485 (quotation and citation omitted). Even so, the primary assumption of risk doctrine bars liability if risks resulting from "less than optimal conditions" are "open and obvious" and "readily appreciable." *Roberts v. Boys & Girls Republic, Inc.*, 51 A.D.3d 246, 248 (1st Dep't 2008). A party's awareness of the risk must both be "assessed against the background of the skill and experience of the particular plaintiff," *Maddox v. City of New York*, 66 N.Y.2d 270, 278 (1985), as well as what "[a] reasonable person of participatory age or experience must be expected to know," *Morgan*, 90 N.Y.2d at 488.

In this matter, there are clearly material disputes as to whether Plaintiff's conduct falls within the primary assumption of risk doctrine. Defendant has not presented undisputed facts showing that the condition of the ground under the foam was open and obvious or inherent to foam raves, or that the risks were known to or appreciated by Plaintiff, or would have been appreciated by a reasonable teenager.

First, there are no undisputed facts that foam raves are inherently associated with muddy conditions; Defendant instead relies on *ipse dixit* appeals to common sense. *See* Def.'s Reply (Dkt. 28) at 2. The undisputed facts suggest the opposite: for example, the foam generator's instructions stated that "many people choose to put down carpet padding or another non-slippery or absorbent surface" to avoid the very danger that injured Plaintiff. Pl.'s 56.1 Stmt. ¶ 91.

Nor does Defendant present any undisputed facts that Plaintiff knew of and appreciated the risk. Plaintiff testified that this was his first foam rave or similar event and that he had no idea what a foam rave would entail. *Id.* ¶ 59. Plaintiff also testified that he assumed Defendant

would have laid a cover on the ground to make it safe (which Defendant did not do). *Id.* ¶¶ 88, 93. And, leading up to the foam area, Plaintiff testified that he saw no evidence of mud, either outside the foam or beneath it. *Id.* ¶¶ 73, 79–80. Defendant does not suggest that anyone warned Plaintiff or other participants, and Plaintiff, before going into the foam area, did not see anyone falling. *Id.* ¶ 83. In short, there are questions of fact whether Plaintiff reasonably would have anticipated the muddy ground conditions beneath the foam.

Defendant also contends that Plaintiff knew of and appreciated the risk because he could sense mud in the foam area for the 30 to 60 seconds before he fell, *see* Def.'s Reply (Dkt. 28) at 2–3, but Defendant offers no authority or reason to believe that a participant assumes a risk that he discovers immediately after beginning the activity and less than a minute before being injured—an absurd conclusion that would greatly expand the primary assumption of risk doctrine. Defendant relies upon *Maddox*, but the plaintiff in that case—a professional baseball player—slipped on mud in the *ninth* inning after he had seen the mud and complained to the groundskeepers of water on the field. 66 N.Y.2d at 275, 279. Plaintiff, by contrast, had taken only five to ten steps into the foam area before he fell.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is DENIED. The parties must meet and confer and propose three mutually-agreeable trial dates in a joint letter

filed no later than April 24, 2020.  The proposed trial dates should fall no earlier than July 20, 2020.

The Court remains happy to refer the parties to Magistrate Judge Gorenstein for a settlement conference if both agree it would be worthwhile.

The Clerk of Court is respectfully directed to close the open motion on docket entry 26.

**SO ORDERED.**

**Date:  April 17, 2020**
   **New York, NY**

　　　　　　　　　　　　　　　　　　　　　_____
   **VALERIE CAPRONI**
   **United States District Judge**